UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EILEEN WEINER, individually and as
trustee of the Eileen A. Weiner Intervivos
Trust,

        Plaintiff,

                                  File No.  1:06-CV-642

v.

                                  HON. ROBERT HOLMES BELL

JOSHUA T. WEINER, individually,

        Defendant.

_____/

**O P I N I O N**

This action involving the management of certain closely held family companies comes

before the Court on Plaintiff Eileen Weiner's motion for partial summary judgment on the

issue of fees paid to unlicensed real estate brokers.  (Dkt. No. 98.)  For the reasons that

follow the motion will be denied.

**I.**

By this motion Plaintiff requests the Court to rule, as a matter of law, that Defendant

Joshua A. Weiner violated the Michigan Occupational Code, Mich. Comp. Laws § 339.101

*et seq.*, and breached his duties as manager of the Joint Entities[1] by paying real estate

broker's fees to the Meyer C. Weiner Company ("MCW") and the Chessler Corporation

_____

[1]The "Joint Entities" are the real estate entities (limited partnerships, limited liability
companies and one corporation) in which Plaintiff and Defendant have shared interests.
(Dkt. No. 78, 03/18/08 Op. 3.)

("Chessler"), neither of which is licensed as a real estate broker.  As her remedy, Plaintiff

seeks an order establishing Defendant's liability to reimburse her for her share of all such

illegal payments made by the Joint Entities to MCW and Chessler within the applicable

limitations period.

Defendant opposes Plaintiff's motion for partial summary judgment on the following

grounds:  (1) the motion improperly seeks judgment on a claim that does not appear in the

complaint; (2) the Occupational Code cannot serve as the basis for Plaintiff's claim; (3) the

payments to MCW and Chessler do not constitute "illegal, fraudulent or willfully unfair and

oppressive conduct" to Plaintiff; and (4) Plaintiff's claims are barred by laches and

acquiescence.  (Dkt. No. 106.)

## A.  Failure to State a Claim

Plaintiff alleges in her first amended complaint as supplemented that  MCW manages

certain real estate projects for Defendant, that there is no written management agreement, and

that Defendant has made payments and accrued liabilities to MCW that are "illegal,

fraudulent, or willfully unfair and oppressive to Eileen Weiner."  (Dkt. No. 81, First Am.

Compl. as Supplemented, ¶¶ 30-33, 81.)   In addition, Plaintiff addressed the issue of

payments to MCW in violation of the Michigan Occupational Code in her request for

admission. (Pl.'s Mot. for Partial Summ. J., Ex. 3.)  For purposes of this motion the Court

is satisfied that Plaintiff's rather vague allegations of illegal payments to MCW in her

complaint, together with her requests for admission, are sufficient to put Defendant on notice

2

that Plaintiff is making a claim regarding payments to unlicensed real estate brokers.  *See*

Fed. R. Civ. P. 8(a)(2).

**B.  Payment of Brokerage Fees to Unlicensed Brokers**

The Michigan Occupational Code  (the "Code") prohibits a person from engaging in

a regulated occupation unless the person holds the requisite license.  Mich. Comp. Laws

§ 339.601(1) (Westlaw 2009).  Real estate brokers are regulated by the Code.  Mich. Comp.

Laws § 339.2501 (Westlaw 2009).  The Code defines real estate brokers to include a sole

proprietorship, partnership, or corporation "who with intent to collect or receive a fee . . .

sells or offers for sale, buys or offers to buy, . . . negotiates the purchase or sale or exchange

or mortgage of real estate, or negotiates for the construction of a building on real estate; who

leases or offers or rents or offers for rent real estate or the improvements on the real estate

for others, . . . [or] who engages in property management . . . ."  Mich. Comp. Laws

§ 339.2501(h) (Westlaw 2009) (formerly subsection (d)).  Violation of the Code is a

misdemeanor.  Mich. Comp. Laws § 339.601(4) (Westlaw 2009).  The Code prohibits a

person engaged in a business that requires licensing from maintaining an action for collection

of compensation for the performance of an act for which a license is required.  Mich. Comp.

Laws § 339.2512a (Westlaw 2009).

The relevant facts are not in dispute.  Defendant has admitted that neither MCW nor

Chessler is a licensed real estate broker.  (Dkt. No. 98, Pl.'s Mot. for Partial Summ. J., Ex.

3, Def.'s Resp. to Request for Admissions Nos. 2, 8.)  Defendant has also admitted that he

has paid MCW and Chessler to provide property management, financing, leasing,

development, brokerage and consulting services.  (Dkt. No. 89, Def.'s Answer to First Am.

Compl. as Supplemented, ¶ 30.)

Plaintiff contends that in light of these admissions, the Court should rule as a matter

of law that Defendant violated the Occupational Code and that he breached his duties as

manager of the Joint Entities by causing them to make illegal payments to MCW and

Chessler as non-licensees.  Defendant denies that such payments violate the Occupational

Code or that they constitute "illegal, fraudulent or willfully unfair and oppressive conduct"

to Plaintiff.

Plaintiff acknowledges that Defendant is licensed individually as a real estate broker

in Michigan (Dkt. No. 99,  Pl.'s Br. 3, n.8), but she contends that his individual license is

insufficient to satisfy the licensing obligations of MCW and Chessler.  *See Annex Constr.,*

*Inc. v. Fenech*, 477 N.W.2d 103 (Mich. App. 1991) (holding that an unlicensed residential

builder could not bring an action for compensation for work performed even though the

builder's sole shareholder held a license).

Defendant notes that the Code only applies to real estate work on behalf of "others."

Mich. Comp. Laws § 339.2501(e), (h) (Westlaw 2009) (formerly subsections (a), (d)); *see*

*also G.C.Timmis & Co. v. Guardian Alarm Co.*, 662 N.W.2d 710, 720 (Mich. 2003) (holding

that license is only required when one conducts real estate transactions "for another").

Defendant contends that because he is the general or managing partner of the Joint Entities,

and because he is the sole owner of MCW and the majority owner of Chessler, the Code does

not apply to work performed by MCW and Chessler on behalf of the Joint Entities.

The Code does not  give private persons the right to bring civil actions to enforce its provisions.  *Claire-Ann Co. v. Christenson & Christenson, Inc.*, 566 N.W.2d 4, 6 (Mich. App. 1997).  Plaintiff acknowledges as much, but contends that she is not seeking to enforce the Code, but is merely asking the Court to determine that Defendant acted illegally by using his affiliates to violate the Code.

For purposes of this motion the Court need not resolve the issue of whether or not MCW or Chessler was required under Michigan law to be licensed when providing real estate broker and management services on behalf of the Joint Entities.  Even if MCW and Chessler are in violation of the Code, Plaintiff has not identified  any provision of the Code that would make it illegal for Defendant to employ a non-licensed real estate broker or manager.  The Code places a disability on the non-licensed entity from filing an action for compensation for services rendered without a license.  Mich. Comp. Laws § 339.2512a (Westlaw 2009) (barring unlicensed real estate brokers from suing on brokerage contracts).  However, the Court is not aware of any provision that penalizes an individual for hiring a non-licensed entity.

## C.  Breach of Duties as Manager

Plaintiff also contends that in addition to violating the Code, Defendant breached his duties as manager of the Joint Entities by causing them to make illegal payments to MCW and Chessler as non-licensees.

As noted above, Plaintiff has not shown that Defendant's payments to MCW and Chessler were illegal.  Count II of Plaintiff's first amended complaint as supplemented,

which alleges breach of duties as manager, alleges more than illegality.  It alleges conduct

that is "illegal, fraudulent, or willfully unfair and oppressive" to Plaintiff.  (First Am. Compl.

as Supplemented ¶¶ 75-80).  However, based upon the record before it the Court cannot find,

as a matter of law, that Defendant breached its duties as manager by paying real estate broker

and management fees to unlicensed entities.  Plaintiff has offered no evidence to suggest,

much less show, that Defendant breached any duties owed to Plaintiff as a minority

shareholder by paying unlicensed brokers, that Plaintiff she was harmed in any manner by

this conduct, or that Defendant received an improper benefit as result of this conduct.

The mere fact that MCW and Chessler were unlicensed is not, in itself, sufficient to

show that the payments made to them were either illegal or oppressive to Plaintiff.

Accordingly, Plaintiff's motion for partial summary judgment on the issue of payment of fees

to unlicensed real estate brokers will be denied.

An order consistent with this opinion will be entered.


Dated: <u>March 20, 2009</u>                                    /s/ Robert Holmes Bell
                                                                   ROBERT HOLMES BELL
                                                                   UNITED STATES DISTRICT JUDGE